IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ali K. Menze, | Case No. 23-cv-03901 (KMM/LIB) |
| Plaintiff, | |
| v. | **DEFENDANT'S MOTION FOR SANCTIONS** |
| Astera Health, f/k/a Tri-County Health Care | |
| Defendant. | |

Defendant Astera Health ("Astera"), by and through its undersigned counsel, hereby moves the Court for sanctions against Plaintiff Ali K. Menze ("Plaintiff") pursuant to Fed. R. Civ. P. 11, and requests that the Court award to Astera its attorneys' fees and costs incurred in moving to dismiss Plaintiff's Complaint and in moving for sanctions.

This Motion is based upon Plaintiff's filing and service of a Complaint against Astera, the claims in which lack legal and evidentiary merit for at least the following reasons, which are discussed in more detail in Astera's Motion to Dismiss:

1. To the extent that Plaintiff asserts a claim under Title VII for religious discrimination, her claim is barred for failure to exhaust administrative remedies. This claim is further without legal or evidentiary merit because Astera indisputably fully accommodated Plaintiff's religious beliefs that prevented her from receiving a vaccine.

2. To the extent that Plaintiff asserts claims under Section 1983 or the Religious Freedom Restoration Act, her claims fail because Astera is neither a

4121583.v1

government actor nor a government agent. This claim is further without legal or evidentiary merit because Plaintiff does not allege that she has a religious belief that prevents her from wearing a mask.

3. To the extent that Plaintiff asserts claims under Section 1985, her claim fails because she does not (and cannot) allege a conspiracy or any of the other required elements of such a claim.

4. To the extent that Plaintiff asserts claims under HIPAA, these claims fail because HIPAA does not provide a basis for a civil action by Plaintiff.

5. To the extent that Plaintiff asserts claims under various criminal statutes (18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 245, 18 U.S.C. § 246, 18 U.S.C. § 247, and 18 U.S.C. § 514), these claims fail because the statutes do not provide a basis for a civil action by Plaintiff.

6. To the extent that Plaintiff asserts a claim under the Nuremberg Code, there is no cognizable legal claim under the Nuremberg Code.

7. To the extent that Plaintiff asserts claims under state law, these claims fail because the Court does not have supplemental jurisdiction over these claims as a result of the dismissal of all federal claims.

8. To the extent that Plaintiff asserts a claim for unemployment benefits, the Court does not have jurisdiction to consider the claim under Minn. Stat. § 268.105.

This motion is based upon all of the files, records, and proceedings herein together with the memoranda of law and supporting materials submitted in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

3

Dated: January 19, 2024      **FELHABER LARSON**

By:    */s/Brandon J. Wheeler*
       Brandon J. Wheeler, #396336
       220 South Sixth Street, Suite 2200
       Minneapolis, MN  55402-4504
       Telephone:  (612) 339-6321
       Facsimile:  (612) 338-0535
       bwheeler@felhaber.com

**ATTORNEYS FOR DEFENDANT**

4121583.v1