UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Ali K. Menze,                                              No. 23-cv-3901 (KMM/LIB)

      Plaintiff,

v.                                                         **ORDER**

Astera Health, f/k/a Tri-County Health
Care,

      Defendant.

---

On February 9, 2024, Plaintiff filed a letter raising certain procedural issues and asking the Court to take note of certain requests within the Prayer for Relief of Plaintiff's Complaint. (Doc. 16.) First, Plaintiff argues that Defendant's filing of a Rule 12 motion to dismiss is a waste of the Court's time and is procedurally improper. Plaintiff suggests that Defendant should have filed an answer to the Complaint and that the Court ought to require Defendant to file and serve an answer within fourteen days. This request is denied. When a defendant files a pre-answer motion to dismiss under Fed. R. Civ. P. 12(b), even one that challenges fewer than all the claims in complaint, the defendant's time to file an answer is extended until after the court rules on the motion. *See, e.g.*, *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F. Supp. 2d 598, 639-40 (N.D. Iowa 2006).

Next, Plaintiff references a paragraph in her Prayer for Relief in which she requests that all "in person" proceedings be scheduled to take place in the federal courthouse located in Fergus Falls to avoid causing her hardship. Plaintiff also refers to

1

paragraphs noting her *pro se* status and her possible need for assistance of counsel. The Court will endeavor, wherever possible, to avoid requiring Plaintiff to travel long distances unnecessarily for in-person court appearances. Moreover, the Court is aware that Plaintiff is litigating this matter *pro se* and will construe her pleadings liberally. Plaintiff is advised, however, that unlike in criminal cases, there is no constitutional or statutory right to court appointed counsel in a civil case like this one. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (explaining when a court may "request" an attorney to represent a person unable to afford counsel under 28 U.S.C. § 1915(e)(1)).

Finally, Plaintiff's letter refers to a paragraph in her Complaint's Prayer for Relief that asks the Court to set a hearing for a motion for judgment on the pleadings, for summary judgment, and for either preliminary or permanent injunctive relief. To the extent Plaintiff asks the Court to set such a hearing pursuant to this letter, that request is denied. No such motions are currently before the Court, and simply making the request in the Complaint is insufficient to raise the issue.

Date: February 26, 2024            *s/Katherine Menendez*
                                   Katherine Menendez
                                   United States District Judge